# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| AMERICAN BUILDERS INSURANCE COMPANY f/k/a ASSOCIATION INSURANCE COMPANY<br><br>Plaintiff,<br><br>vs.<br><br>CHOATE CONSTRUCTION COMPANY and ALL-IN BUILDERS, LLC,<br><br>Defendant. | CASE NO.: 2:22-cv-02719-DCN<br><br>**AMERICAN BUILDERS INSURANCE COMPANY'S DECLARATORY JUDGMENT COMPLAINT** |

COMES NOW Plaintiff American Builders Insurance Company f/k/a Association Insurance Company ("Builders"), by and through counsel, and pursuant to Rule 57 of the Federal Rules of Civil Procedure, and files its Declaratory Judgment Complaint against Choate Construction Company ("Choate") and All-In Builders, LLC ("AIB") as follows:

## PRELIMINARY STATEMENT

1. Pursuant to 28 U.S.C. § 2201, Builders seeks a declaratory judgment and adjudication concerning the rights, obligations and liabilities of the parties with respect to coverage under certain commercial general liability policies issued by Builders to All-In Builders, LLC ("AIB") in the arbitration captioned *Choate Construction Company vs. All-In Builders*, LLC, C/A No. 01-20-0010-9250, pending in the American Arbitration Association.

## JURISDICTION

2. Jurisdiction over the claims contained herein is invoked pursuant to 28 U.S.C. § 1332(a)(1) and (c) in that there is complete diversity of citizenship between the parties and the amount in controversy exceeds the sum of $75,000.

## VENUE

3. This declaratory judgment action properly lies in the United States District Court for the District of South Carolina, Charleston Division, pursuant to 28 U.S.C. § 1391(a)(1) and (2) because the work performed on the Foundry apartments lies in this judicial district; the underlying action is pending in this judicial district; the parties are subject to personal jurisdiction in the state of South Carolina; and a substantial part of the events giving rise to this declaratory judgement action occurred in this judicial district.

4. Builders is, and at all times mentioned herein was, an insurance company duly organized and existing under the laws of the State of Delaware with its principal place of business in Georgia.

5. Choate is a corporation organized and existing under the laws of the State of South Carolina and is licensed to do business in the State of South Carolina under General Contractor License No. 11932, and at all times material hereto served as the general contractor for construction of the Foundry apartments.

6. AIB is a limited liability company organized and existing under the laws of the State of South Carolina, and all of its members reside in South Carolina.

7. On August 3, 2020, MSP Nomo Owner, LLC ("MSP") served Choate with an Arbitration demand captioned *MSP Nomo Owner, LLC vs. Choate Construction Company*, C/A No. 01-20-0010-9250 (the "Underlying arbitration action") alleging that Choate performed defective work on an apartment project located in Charleston, South Carolina, known as the Foundry apartments. A true and accurate copy of the Arbitration Demand is attached hereto as Exhibit A.

8. It is alleged in the Underlying arbitration action that Choate served as the general contractor for the Foundry apartment project.

9. MSP made a demand for mediation prior to the arbitration filing per the terms of the Contract between MSP and Choate.

10. On November 10, 2020, Choate provided its subcontractors with a courtesy copy of its Third-Party Complaint against ABG Caulking & Waterproofing of Morristown, Inc., All-In Builders, LLC, Exterior Expressions, Inc., Glasgow Roofing Company, Inc., and the Muhler Company, Inc. Choate alleged that its subcontractors were required to indemnify Choate from any and all claims, damages, losses, and expenses arising out of their work at the Project. A true and accurate copy of the Third-Party Complaint is attached hereto as Exhibit B.

11. It is alleged in the Underlying arbitration action that AIB installed the framing at the Foundry apartment project.

12. MSP settled with Choate for $2.7 million.

13. Choate obtained a release not only as to Choate, but also as to AIB.

14. Choate and its primary insurer, Zurich Insurance Group, collectively contributed $1,475,00 to the settlement.

15. After Choate settled all of the claims asserted against it in the Underlying arbitration action, Choate filed a supplemental complaint against AIB only asserting claims for contractual indemnification, breach of contract, breach of warranty, negligence, and contribution. A true and accurate copy of the Supplemental Complaint is attached hereto as Exhibit C.

16. Builders agreed to defend AIB in the Arbitration under a complete reservation of rights.

17. Builders issued the following commercial general liability policies to AIB: PKG 0249320 01 (9/28/2018 – 9/28/2019) and PKG 0249320 02 (9/28/2019 – 9/28/2020). True and accurate copies of the Policies are attached hereto as Exhibit D.

18. Choate claims it is an additional insured under the Builders' policies issued to AIB, and it is entitled to defense and indemnification as an additional insured under the Builders' policies for any and all sums that are paid by Choate to defend against and to resolve these claims.

19. Choate claims it is entitled to recover its pro rata contribution to the settlement from AIB under its contribution claim, and it is entitled to recover its pro rata contribution to the settlement from Builders as an additional insured.

## FIRST CAUSE OF ACTION AGAINST CHOATE
**(Declaratory Judgment – Additional Insured Obligations)**

20. Builders incorporates by reference herein Paragraphs 1 through 19.

21. Choate is not entitled to recover both its pro rata contribution to the settlement from AIB under its contribution claim and its pro rata contribution to the settlement as an additional insured under the Builders' policies.

22. Choate is not entitled to reimbursement of defense and indemnity payments made by Zurich Insurance Group, its primary insurer, to settle Owners' claims against Choate.

23. A genuine, actual, and justiciable controversy between the parties to this action has arisen and presently exists concerning coverage afforded by Builders to AIB pursuant to the Builders' policies, and Builders is entitled to a declaratory judgment as to its obligations and liabilities under the Policies.

24. Builders requests this Court to declare the relative rights, duties, and obligations of the parties to this action under the Builders' Policies with regard to the arbitration action. Specifically, Builders requests this Court to declare, pursuant to 28 U.S.C. § 2201 and Rule 57 of

the Federal Rules of Civil Procedure, that Builders has no obligation to defend or indemnify Choate under the Policies, or reimburse Choate for any costs it, or anyone on its behalf, incurred or will incur in defending or settling the Underlying arbitration action.

## FOR A SECOND CAUSE OF ACTION AGAINST AIB
### (Declaratory Judgment – Duty of Indemnity)

25.     Builders incorporates by reference herein Paragraphs 1 through 24.

26.     Builders seeks a declaration in relation to whether or not the claims against AIB in the arbitration trigger the duty of indemnity and to what extent, if any, the duty of indemnity is triggered.

27.     Builders would show that AIB carries the burden of proving, with specificity and particularity, all damages, if any, that fall within the Builders' policies.

28.     Builders would show that should a judgment be entered against AIB in the arbitration, the judgment holder (i.e., Choate) carries the burden of proving, with specificity and particularity, all damages that fall within the Builders' policies.

29.     Builders would show that damages must be analyzed to determine what portion of the damages meet the definition of "property damage" caused by an "occurrence" as defined by the Builders' policies and South Carolina law.

30.     Builders would show that repair costs associated with a finding of faulty or defective work do not meet the definition of "property damage" caused by an "occurrence" as defined by the Builders' policies and South Carolina law.

31.     Builders would show that any damages found against AIB must be allocated into categories of (1) improper work and (2) resulting damages. Only resulting damages potentially can qualify as "property damage" caused by an "occurrence" as defined by the Builders' policies and South Carolina law.

5

32.     Builders would show that any other damages and costs claimed in the arbitration that do not meet the definition of "property damage" and are not caused by an "occurrence" as defined by the Builders' policies and South Carolina law are not covered by the policies and do not trigger the duty of indemnity.

33.     Builders would show that repair costs associated with the finding of defective work do not meet the definition of "property damage" and are excluded by Exclusion l, as amended by GL RFWE 10 13, in the Builders' policies.

34.     Should any damages found against AIB be adjudicated as meeting the definition of "property damage" caused by an "occurrence", and as not otherwise excluded or limited by an exclusion or endorsement under the Builders' policies, Builders seeks a declaration of the dollar amount of such damages.

35.     Builders would show that any damages meeting the definition of "property damage" and not otherwise excluded and/or limited by any applicable policy exclusions or limiting endorsements must be applied to a time-on-risk analysis to determine which of those damages fall within the policy periods.

36.     Builders would show that any damages occurring outside of the policy periods do not trigger the duty of indemnity.

### FOR A THIRD CAUSE OF ACTION AS TO AIB
**(Declaratory Judgment – Duty of Indemnity, additional exclusions)**

37.     Builders incorporates by reference herein Paragraphs 1 through 36.

38.     Builders would show that any damages qualifying as "property damage" must be applied to all policy exclusions and limited endorsements to determine if excluded by the Builders' policies.

39. Should any damages found against AIB be adjudicated as meeting the definition of "property damage" caused by an "occurrence", and as not otherwise excluded or limited by an exclusion or endorsement under the Builders' policies, Builders seeks a declaration of the dollar amount of such damages.

40. Builders would show that the policies provide only limited fungi/mold coverage with a $2,500 limit and a $2,000 deductible for any "property damage" found against AIB that would not have occurred by for the threatened existence of fungi.

41. Builders would show that any damages meeting the definition of "property damage" and not otherwise excluded and/or limited by any applicable policy exclusions or limiting endorsements must be applied to a time-on-risk analysis to determine which of those damages fall within the policy periods.

42. Builders would show that any damages occurring outside of the policy periods do not trigger the duty of indemnity.

WHEREFORE, American Builders Insurance Company f/k/a Association Insurance Company, respectfully prays the Court grant the following relief:

1. That the Court declare that Builders is not obligated in any way to indemnify Choate as an additional insured against the claims it settled with the Owners in the arbitration action;

2. That the Court declare that Builders is not obligated to reimburse Choate for any costs it, or anyone on its behalf, has incurred or will incur in defending or settling the Underlying arbitration action;

3. That the Court declare that Builders owes no duty of indemnity to AIB;

4. That the Court issue a declaration that determines which damages, if any, trigger the duty of indemnity under the Builders' policies;

5. For the Court to determine the dollar amount of damages, if any, due under the Builders' policies after conducting an analysis of the damages that determines which damages, if any, from the arbitration action meet the requirements of the insuring agreement, are not excluded or limited by exclusions or endorsements, are not the work of the insured, and that are "property damage" caused by an "occurrence" during the policy periods subject to a time-on-risk analysis; and

6. For such other and further relief as the Court may deem just and proper.

                    Respectfully submitted,

                    ETHRIDGE LAW GROUP, LLC

                    By: *s/ R. Michael Ethridge*
                        R. MICHAEL ETHRIDGE
                        Federal Bar No.: 7497
                        MARY S. WILLIS
                        Federal Bar No.: 12388
                        1100 Queensborough Blvd., Suite 200
                        Mount Pleasant, SC 29464
                        843-614-0007
                        methridge@ethridgelawgroup.com
                        mwillis@ethridgelawgroup.com

                    *Attorneys for Plaintiff American Builders Insurance Company f/k/a Association Insurance Company*